**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI )**

| | | |
|---|---|---|
| CHRISTOPHER D. BELL, | : | Case No. 1:26-cv-00021 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| JOHN DOE HOOVER, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

This case is before the Court on its own review of the docket. For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **STRIKE** the proposed complaint, **DENY** the motions for injunctive relief and to stay, and **OVERRULE** the pending objections as **MOOT**. The undersigned **GRANTS** Plaintiff one final opportunity to file a valid complaint.

I.      **CASE HISTORY**

The Clerk of Court docketed an unsigned, proposed complaint[1] from Plaintiff Bell on January 9, 2026. (Doc. No. 1.) Along with the proposed complaint, Plaintiff submitted a motion for injunctive relief (Doc. No. 2) and a motion for additional time to pay the filing fee (Doc. No. 3). Both motions were signed. In his motion for additional time, Plaintiff

---

[1] The document bears a stamp or label near the top of the first page that says: "PROPOSED COMPLAINT." (Doc. No. 1 at PageID 1.)

stated that he would later submit an official complaint, depending on how the Court resolved his motion for injunctive relief. (Doc. No. 3 at PageID 22.) The Clerk of Court immediately issued a Notice of Deficiency addressing three initial issues with his filings. (Doc. No. 4 [noting the lack of filing fees or an application to proceed *in forma pauperis* (IFP); a civil cover sheet; and service documents].)

The Court denied Plaintiff's motion for additional time to pay the filing fee, observing that Plaintiff had already been given thirty days to pay the fee or move for IFP status in the Notice of Deficiency. (Doc. No. 5 at PageID 27 [citing Doc. No. 4].) The Court also observed that the motion "suggests that Plaintiff intends to wait for a ruling on his request for preliminary injunctive relief before he pays the required filing fee and/or submits an operative Complaint." (*Id*.) The Court advised Plaintiff that it would not "consider any motions for preliminary injunctive relief until Plaintiff properly initiates this action by paying the filing fee or obtaining *in forma pauperis* status *and* files a signed Complaint." (*Id*. [emphasis in original].)

Plaintiff—or someone acting on his behalf—paid the filing fees in full on February 6, 2026. (Doc. No. 6.) There may have been some delay in communicating confirmation of that fact to Plaintiff, who thereafter filed two documents seeking to confirm that the Clerk knew that the fee was paid and that the case would not be dismissed for lack of payment. (*See* Letter to Clerk, Doc. No. 9; Motion to Hold Case in Abeyance, Doc. No. 11.) The latter filing also contains Plaintiff's Objections to the undersigned's previous Order denying his motion for additional time. (*See* Doc. No. 11 at PageID 85 [referring to the

undersigned January 27, 2026 Order—Doc. No. 5].) These objections are pending but moot now that the fee has been paid.[2]

Plaintiff next filed a motion seeking "a Sixty day Extention of Time to have all incomplete aspects of his 1983 42 U.S.C. suit ready for Judicial adjudication." (Doc. No. 12 at PageID 102[3] [as in original].) The Court construed this motion as a request for additional time to file a signed/amended complaint and amended motion for injunctive relief. (Doc. No. 13.) The Court granted the Motion, ordering Plaintiff to file his new complaint by June 28, 2026 and allowing him to file an amended motion for injunctive relief. (*Id*. at PageID 116.) The Court noted that Plaintiff could simply resubmit his original complaint if he signed it. (*Id*. at PageID 117.)

Plaintiff has now filed a third extension motion, seeking an additional sixty days to comply with the previous orders. (Doc. No. 14.) Plaintiff states that he is or was in segregation without access to legal resources. He also indicates that he is scheduled to transfer to a different correctional institution. (*Id*.) Plaintiff confirms that his transfer is scheduled in a subsequent filing titled "Motion for Confirmation." (Doc. No. 15.)

In this motion, Plaintiff also explains that he filed his initial documents as he did to "beat the statute of limitations" and preserve his constitutional claims. (Doc. No. 15 at

---

[2] Plaintiff references an order giving him "until March 20, 2026 to pay an additional $405 filing fee" (*see* Doc. No. 11 at PageID 85), but no such order appears on the docket of this case. Plaintiff's filing fees (or IFP application) were due by February 9, 2026, and that deadline was not extended, as the fees were paid on February 6, 2026. (*See* Order, Doc. No. 5 at PageID 28; Clerk's Notice of Deficiency, Doc. No. 4.)

[3] Plaintiff incorrectly states that the Court's January 27, 2026 Order "authoriz[ed] the removal of $405.00 dollars to satisf[y] the fee obligation as per 28 U.S.C. § 1915(a)(1) [of the] Prison Litigation Reform Act." (Doc. No. 12 at PageID 100.) The Order did not authorize payment from Plaintiff's inmate account. (*See* Doc. No. 5.)

PageID 134-135.) Plaintiff further explains that his layman's knowledge "led him to file the Injunction first" in the hopes that the Court would order defendants:

> to release his legal file so he can then file his Civil Complaint with attached proof of exhaustion. The unsign[ed] 1983 Civil Complaint was to show this Honorable Court that there are serious constitutional issue[s] meriting a favorable ruling on the Injunction.

(Doc. No. 15 at PageID 135.)

## II.    PROPOSED COMPLAINT

Rule 11 of the Federal Rules of Civil Procedure requires every pleading to be signed. Fed. R. Civ. P. 11(a).[4] The Court must strike unsigned pleadings from the docket unless the problem is "promptly corrected." *Id*.

Plaintiff's Proposed Complaint is not signed. (Doc. No. 1 at PageID 7.) This was not an inadvertent omission—Plaintiff acknowledges that he intentionally filed the proposed complaint unsigned. (*See* Doc. No. 3, 15.) The Court has also brought the matter to Plaintiff's attention twice. (*See* Doc. No. 5, 13.) Nonetheless, Plaintiff has not promptly corrected the omission. As a result, this case has been open for approximately six months without a valid complaint. *Cf*. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

---

[4] The Rule provides:

> **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Because Plaintiff did not promptly correct the omission and sign his proposed complaint, the undersigned Magistrate Judge **RECOMMENDS** that the Court **STRIKE** the proposed complaint from the docket as required by Rule 11(a). (Doc. No. 1.)

## III.     MOTION FOR EXTENSION OF TIME

The undersigned does not recommend that this case be dismissed at this time, given Plaintiff's *pro se* status and incarceration. Instead, the undersigned **GRANTS** Plaintiff's third motion for additional time. (Doc. No. 14.) Plaintiff must file a signed complaint by **August 27, 2026**. There will be no further extensions of this deadline. If Plaintiff does not timely file a signed complaint as ordered, the undersigned will recommend that the Court dismiss the case in its entirety for failure to prosecute and/or failure to comply with the Court's orders.[5]

## IV.     MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks a temporary restraining order "requiring the Defendants, and all other state actors to arrange for Plaintiff to access his legal files[.]" (Doc. No. 2 at PageID 10.) He also seeks a preliminary injunction "requiring defendants and other named state [actors] to cease harassing, retaliating against Plaintiff and to reinforce the concept of Attorney Generals responsibility to seek Justice not to abuse their authority." (*Id.*)

Given the procedural posture of the case and the lack of a signed, operative complaint, the undersigned **RECOMMENDS** that the Court **DENY** this motion **without**

---

[5] This is not a determination that this case will proceed if Plaintiff files a complaint. The Court must still screen any complaint that Plaintiff files and dismiss any part of it that is frivolous or malicious, that fails to state a claim on which relief may be granted, or that seeks monetary relief from a defendant who is immune. 18 U.S.C. § 1915A.

5

**prejudice** to refiling once a signed complaint has been filed. In other words, if the District Judge agrees, Plaintiff may file another motion for injunctive relief after he has filed a valid complaint.

## V.    MOTION FOR CONFIRMATION

In this motion, Plaintiff confirms that he will be transferred to a new institution and that he intends to submit a complaint. (Doc. No. 15.) His only request of the Court appears to be that the Court "consider that Defendants conspired to block or frustrate Plaintiff's efforts to access the courts." (*Id*. at PageID 134.)

The undersigned considers this motion to be a memorandum in support of Plaintiff's third motion for additional time (Doc. No. 14), which the Court has now granted. The Court **DIRECTS** the Clerk of Court to **TERMINATE** this motion on the docket.

Plaintiff is **REMINDED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

## VI.    OBJECTIONS AND MOTION TO STAY

As noted above, within his motion to hold this case in abeyance (or to stay it), Plaintiff filed objections to the undersigned's Order denying his request for additional time to pay the filing fee. (Doc. No. 11 [objecting to Doc. No. 5].) Both the motion and the objections are moot now that the filing fee has been paid in full. (Doc. No. 6.) The undersigned therefore **RECOMMENDS** that the Court **DENY** the motion to stay and **OVERRULE** the objections as **MOOT**.

6

## VII.   CONCLUSION

Upon review of the documents filed thus far in the case, the undersigned Magistrate Judge **RECOMMENDS** that the Court take the following actions:

1.   **STRIKE** the unsigned, proposed complaint (Doc. No. 1);

2.   **DENY** the motion for injunctive relief **without prejudice** (Doc. No. 2); and

3.   **DENY** the motion to stay and **OVERRULE** the objections as **MOOT** (Doc. No. 11).

Plaintiff may file objections to these recommendations as discussed in the section below. He is **REMINDED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

Plaintiff is also **REMINDED** that he must personally sign each document submitted for filing with a handwritten signature pursuant to Fed. R. Civ. P. 11(a). Further, Plaintiff only needs to submit ONE copy of each document he files. Submission of duplicate copies can create confusion on the docket.

The undersigned **GRANTS** Plaintiff's third motion for extension of time. (Doc. No. 14.) Plaintiff must file a signed complaint by **August 27, 2026**. If he does not, this case may be dismissed.

Finally, the Clerk of Court is **DIRECTED** to **TERMINATE** the motion for confirmation on the docket. (Doc. No. 15.) The Clerk is further **DIRECTED** to send a copy of the docket to Plaintiff for his records.

**IT IS SO ORDERED AND RECOMMENDED.**

<u><em>s/ Caroline H. Gentry</em></u><br>Caroline H. Gentry<br>United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).